**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1838-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EXAMPLIAR EXANTUS,

     Defendant-Appellant.

_____

Submitted October 25, 2023 – Decided November 16, 2023

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-01-0281.

Joseph E. Krakora, Public Defender, attorney for appellant (Christopher W. Hsieh, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Exampliar Exantus appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing.[1]  Based on our review of the record and the arguments of the parties, we are convinced the PCR court correctly rejected defendant's claims his trial counsel was ineffective by failing to properly investigate a diminished capacity defense and discuss the defense with defendant, and by failing to investigate a purported hate-speech audio recording and introduce the recording as evidence.  The PCR court correctly denied defendant's petition without an evidentiary hearing because he did not present competent evidence establishing a prima facie ineffective assistance of counsel claim.  We therefore affirm.

I.

A grand jury charged defendant with eight counts of fourth-degree bias intimidation.  N.J.S.A. 2C:16-1(a).  More particularly, the indictment charged that on eight different days between August 2013 and May 2015, defendant

---

[1]  The indictment charging defendant with the crimes that resulted in the convictions from which he seeks PCR, and the judgment of conviction entered following his convictions at trial, identify defendant as "Exampliar Exandus." In his PCR petition, defendant identifies himself as "Exampliare Exandus," and in defendant's brief on appeal, his counsel states, "[t]he correct spelling of defendant's first name is 'Exampliare.'"  We refer to defendant by the name set forth in the indictment and judgment of conviction because there is no record defendant ever sought an amendment of either to correct any alleged misspelling of his first name.

A-1838-21

knowingly, and with the purpose to intimidate, made and directed various degrading comments to a seventeen-year-old neighbor because of the juvenile's "race, color, religion, gender, disability, sexual orientation or ethnicity." The indictment charged that on the eight dates, defendant directed numerous vile homophobic, Hispanophobic, and threatening statements to the juvenile in violation of N.J.S.A. 2C:16-1(a).

As detailed by the PCR court in its thorough and detailed opinion denying defendant's petition, and as confirmed by our review of the record, during the pre-indictment phase of the proceedings against defendant, the trial court entered an order directing defendant's evaluation by a qualified psychiatrist or licensed psychologist due to concerns about his fitness to proceed to trial. Defendant initially refused to participate in the court-ordered examination. He later participated and the psychologist who performed the examination diagnosed defendant with an unspecified personality disorder and determined defendant was competent to stand trial.

Defendant later provided timely notice of his intent to assert a diminished capacity defense at trial in accordance with N.J.S.A. 2C:4-3(a) and Rule 3:12-1, but he did not appear for a psychological evaluation, and he informed his counsel he did not want to pursue a diminished capacity defense.

3

At defendant's trial, the State presented an August 12, 2013 video recording made by the juvenile's mother. On the recording, defendant, who resided in an apartment next to the juvenile and his mother's home, is heard repeatedly shouting homophobic, Hispanophobic, and threatening statements. Five days later, officers appeared at the scene and heard a male voice in defendant's apartment yelling homophobic and Hispanophobic epithets, and they saw defendant yelling from his apartment window and then retreat after he saw them.[2]

The juvenile testified at trial he made a recording of defendant calling him homophobic epithets from defendant's window, which was only a few feet from the juvenile's own. The State presented evidence defendant yelled similar comments at the juvenile on two dates in August 2013, five dates in April 2015, and one date in May 2015.

The jury convicted defendant of four counts of fourth-degree bias intimidation, and the court imposed an aggregate sixty-day custodial sentence as a condition of three-year's probation. We affirmed defendant's convictions on his direct appeal, State v. Exantus, No. A-1400-17 (App. Div. Aug. 25, 2020)

---

[2] The record is known to the parties and includes the statements and epithets the evidence established defendant directed against the juvenile. It is therefore unnecessary that we repeat them here.

(slip op. at 12), and the Supreme Court later denied defendant's petition for certification, State v. Exantus, 244 N.J. 563 (2020).

Defendant timely filed a sworn, pro se PCR petition. Defendant attached to the petition unsworn letters from him to the Office of the Public Defender making various allegations of ineffective assistance of counsel during its representation of defendant at trial and on his direct appeal.

Following the assignment of counsel on the PCR petition, defendant filed a supplemental certification. In his certification, defendant claimed the Office of the Public Defender "has not been committed to a society based on equality for all citizens irrespective of ethnic origin or religion." Defendant also confusingly asserted trial and PCR counsel had an "impertinent disposition to assert [an] intellectual disability in [defendant], while dismissing his complaint against [the] hate speech of 'Haitian Fuck.'" Defendant further asserted his "trial was a fraud" and that "a cabal had developed to insult the intelligence of anyone complaining against the flagrant utterances," and "[t]he arrant hate speech, antipathy, and outright stupidity in the matter is having the intended [e]ffect, of losing case after case, the trial and appeal."

Defendant also claimed trial counsel refused "to represent to the court the defense" he "had outlined for them," and counsel's briefs to the court "are

A-1838-21

unequivocal proof of sabotage of [defendant's] legal position." Defendant asserted trial counsel failed to subpoena any witnesses on his behalf, and omitted evidence "of [the] complaint against the sexually charged 'Haitian Fuck' expressions."

He also claimed his PCR counsel "was unresponsive to [his] entreaties" and "pursued the same failed strategy" as trial counsel. Defendant asserted trial and PCR counsel "kept trying to assert that [he] had mental problems in [him] because of the complaints and so [he] had no defense for being upset at the opposing party in the trial court."

Following argument on defendant's petition, the PCR court issued a detailed written opinion supporting its denial of the requested relief. As noted, the court explained defendant had been evaluated by a licensed psychologist prior to trial and determined to be competent to stand trial, and, although defendant's trial counsel had filed a notice of a diminished capacity defense, defendant did not appear for a psychological exam scheduled for the purpose of developing evidence in support of the defense, and defendant advised his counsel he did not wish to pursue the defense.

After summarizing the evidence presented at trial, the court addressed defendant's legal arguments in support of his PCR petition. Pertinent here, the

court explained that defendant asserted trial counsel was ineffective by attempting to assert a diminished capacity defense at trial without his consent.[3] The court rejected defendant's claim, finding it was undermined by the record. More particularly, the court explained that during various pretrial proceedings, trial counsel raised the potential diminished capacity defense and sought defendant's consent to assert it, but defendant refused to provide his consent. Thus, the court determined defendant's claim his counsel attempted to assert a diminished capacity defense at trial without defendant's consent was "without merit."

The PCR court also addressed defendant's claim trial counsel was ineffective by failing to present evidence that "hate speech" had been directed

---

[3] Defendant presented the PCR court with various claims about the alleged ineffectiveness of his counsel and other grounds supporting his request for relief from his convictions. The claims included the following: trial counsel failed to follow defendant's instructions; trial counsel failed to present evidence of hate speech against defendant; trial counsel attempted to present a diminished capacity defense without defendant's consent; there were violations of defendant's right to exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963); and the Office of the Public Defender is part of a "cabal" that "sides with homosexuals." The PCR court addressed and rejected each of the claims. On appeal, defendant focuses his arguments on trial counsel's handling of the putative diminished capacity defense and alleged failure to present evidence concerning hate speech directed against defendant. We therefore limit our discussion to those issues. See generally Drinker Biddle & Reath LLP v. N.J. Dept. of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining issues not briefed on appeal are deemed abandoned).

against defendant. Defendant asserted counsel failed to present at trial an audio recording which showed he had been called a "Haitian Fuck." He claimed the recording would have established he was the victim of hate speech and that the statements he was alleged to have made against the juvenile were in response to the statements that had been made against him.

The PCR court rejected the claim, finding no evidence that the purported hate speech on the recording was made by the juvenile victim of the crimes charged against defendant. The court noted the trial evidence established the juvenile did not know defendant and had never spoken to him. Indeed, defendant testified at trial he had never spoken to the juvenile prior to the August 2013 incidents, and admitted he did not know the identity of the individual who made the statements on the recording.

The PCR court also noted that the recording defendant claims includes the hate speech was "inaudible and incomprehensible." Trial counsel represented to the court that she could not "hear" the recordings defendant had provided to her and defendant had not identified the alleged speakers whose statements were recorded or the dates the putative statements were made.

The court further found that statements, including the alleged hate speech directed at defendant by individuals other than the juvenile victim, were not

relevant to the disposition of the charges against defendant "and did not justify defendant's conduct towards the victim." The court reasoned that a defense of justification based on the statements of others directed against defendant was "not legally nor factually supported" by the record presented.

The court concluded counsel was not ineffective by failing to present as evidence an audio recording that was neither audible nor relevant. The court further explained that even if the recording had been presented, it would not have changed the trial's outcome because of the "overwhelming, corroborated evidence against defendant" supporting his conviction of the four offenses.

The court entered an order denying defendant's PCR petition without an evidentiary hearing. This appeal followed.

Defendant presents the following arguments for our consideration:

> POINT I
>
> THE POST-CONVICTION [RELIEF] COURT ERRED IN DENYING PETITION FOR [PCR] WITHOUT AFFORDING DEFENDANT AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
>
> A. Trial Counsel's Failure to Properly Investigate Diminished Capacity Defense and Failure to Properly Discuss Defenses with Defendant.

A-1838-21

B. Trial Counsel's Failure to Properly Investigate Hate Speech Audio Recording and Introduce Such Evidence at Trial.

POINT II

ALTERNATIVELY, THIS PANEL MUST REVERSE THE DENIAL OF POST-CONVICTION RELIEF AND REMAND FOR A NEW PROCEEDING BECAUSE PCR COUNSEL FAILED TO MEET THE STANDARDS OF PROFESSIONAL CONDUCT SET FORTH IN RUE AND WEBSTER.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where, as here, the PCR court has not conducted an evidentiary hearing, we may "conduct a de novo review" of the court's "factual findings and legal conclusions." Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Court established a two-part standard, later adopted under the New Jersey Constitution by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), to determine whether a defendant has been deprived of the effective assistance of counsel. Under the standard's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an

10

objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.

Under the "'second, and far more difficult prong of the'" Strickland standard, State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014) (citations omitted) (quoting Strickland, 446 U.S. at 687). To establish prejudice, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694). Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must affirmatively prove prejudice" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

To prevail on a PCR petition, a defendant must establish both prongs of the Strickland standard. Strickland, 466 U.S. at 687; Nash, 212 N.J. at 542. A

11

failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700. "With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citations omitted).

Defendant first claims the court erred by denying his PCR petition because the evidence established trial counsel failed to properly investigate a diminished capacity defense and discuss the defense with him. More particularly, defendant asserts that although trial counsel provided notice of a diminished capacity defense prior to trial, she did not investigate the grounds for the defense by failing to confer with, or retain, an expert and by failing to have an expert evaluate defendant. Defendant further claims that as a result of those purported failures, the trial court excluded from evidence "anything pertaining [to defendant's] psychiatric evaluation, mental hospitalization, or prior mental [health] history."

"[W]hen a petitioner claims his trial counsel inadequately investigated a case, he must assert facts that an investigation would have revealed, supported by affidavits or certifications based on the personal knowledge of the affiant or

the person making the certification." State v. Porter, 216 N.J. 343, 353 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). Defendant's claim that trial counsel failed to adequately investigate the putative diminished capacity defense is untethered to any competent evidence establishing what an investigation would have revealed. He fails to point to any competent evidence presented to the PCR court establishing that a proper investigation of the diminished capacity defense would have yielded evidence establishing the defense. See Cummings, 321 N.J. Super. at 170.

Instead, defendant provides only bald assertions and the arguments of his counsel on appeal that an investigation would have yielded competent evidence supporting the defense. Defendant's conclusory assertions and arguments simply do not satisfy defendant's burden of presenting competent evidence supporting his claim trial counsel was ineffective by failing to investigate the putative diminished capacity defense. Ibid.; see also Baldyga v. Oldman, 261 N.J. Super. 259, 265 (App. Div. 1993) (explaining "unsworn statement[s] of counsel in briefs and oral arguments" do not constitute competent evidence supporting findings of fact under Rule 1:6-6).

For that reason alone, defendant's request for PCR based on his counsel's alleged failure to investigate a diminished capacity defense fails. Most simply

13

stated, defendant failed to present competent evidence establishing an entitlement to relief under both prongs of the Strickland standard. Defendant did not sustain his burden of establishing counsel's performance was deficient under Strickland's first prong because he failed to present any evidence that an investigation would have yielded evidence establishing a meritorious diminished capacity defense. See, e.g., State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.").

Similarly, defendant did not sustain his burden under Strickland's prejudice prong because he failed to present any competent evidence to establish that had counsel investigated the diminished capacity defense, there is a reasonable probability the investigation would have yielded evidence such that the result of the trial would have been different. Strickland, 466 U.S. at 694. Because defendant failed to sustain his burden under both prongs of the Strickland standard, we affirm the PCR court's rejection of the claim. See Gaitan, 209 N.J. at 350.

We reject defendant's claim the court erred by rejecting his claim trial counsel was ineffective by failing to fully investigate the audio recording of the alleged hate speech directed against defendant for the same reasons.

14

Defendant's primary claim is that counsel erred by failing to have the "recording evaluated by an audio engineer or suitable expert specializing in such measures." In his brief on appeal, defendant further asserts, without citation to or support in any competent record evidence, that "[h]ad such measures been taken, the audio recording would have been enhanced to improve its audibility."

Defendant's arguments before the PCR court and on appeal in support of his claim concerning the audio recording consist of nothing more than bald assertions which, as a matter of well-established law, do not sustain his burden under the Strickland standard. Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170). Stated differently, although defendant argues trial counsel's performance was deficient due to a purported failure to fully investigate the audibility of the recording, he presents no competent evidence as to what "an investigation would have revealed, supported by affidavits or certifications based on the personal knowledge of the affiant or the person making the certification."[4] Id. at 353 (quoting Cummings, 321 N.J. Super. at 170). As a

---

[4] Defendant concedes this point. Defendant acknowledges that to satisfy Strickland's prejudice prong on his claim trial counsel was ineffective by failing to investigate the audibility of the recordings of the alleged hate speech, "it was necessary . . . to independently investigate the recordings to resolve the inaudibility issue and to show that they would have supported the defense." (Emphasis added).

result, and as correctly determined by the PCR court, defendant failed to sustain his burden under both prongs of the Strickland standard on this claim as well.

Defendant also argues he is entitled to a remand for a hearing on whether PCR counsel was ineffective by failing to investigate defendant's other claims and determine whether additional claims should have been asserted on defendant's behalf. Defendant argues that in PCR counsel's written submissions to the PCR court: he should have elaborated on the arguments made in defendant's pro se submissions; he erred by solely relying on the written submissions at oral argument on the petition; and he failed to investigate, through consultation with an expert, the audibility of the audio recordings that allegedly included hate speech against defendant. We consider the arguments in turn.

We reject defendant's argument PCR counsel rendered ineffective assistance by failing to include in his submissions to the court an elaboration on the arguments and issues defendant asserted and identified in his pro se submissions. Rule 3:22-6(d) provides:

> Assigned counsel may not seek to withdraw on the ground of lack of merit of the petition. Counsel should advance all of the legitimate arguments requested by the defendant that the record will support. If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list

16

such claims in the petition or amended petition or incorporate them by reference.

In State v. Webster, the Court explained PCR counsel's obligation:

> [C]ounsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them. That procedure, which will serve to preserve defendant's contentions for federal exhaustion purposes, is all that is required.
>
> [187 N.J. 254, 257-58 (2006) (citation omitted).]

Here, PCR counsel complied with the prescribed procedure. In his brief to the PCR court, counsel included a separate point expressly incorporating all the issues and argument's set forth in defendant's pro se submissions. And, at oral argument on the PCR petition, the court noted its consideration of defendant's submissions, and PCR counsel expressed his reliance on the written submissions identified by the court, as well as a "supplementary letter" defendant had submitted on his own behalf.

Relying on the Court's decisions in Webster and State v. Rue, 175 N.J. 1 (2002), defendant contends we should remand for a hearing on his claim PCR

17

counsel was ineffective by failing to elaborate on defendant's pro se arguments. In <u>Webster</u>, however, the Court remanded for a hearing on the defendant's claim PCR counsel was ineffective because it was not clear if the PCR court had considered the defendant's pro se arguments where PCR counsel's brief had not referred to defendant's arguments and the PCR judge had not commented on them. 187 N.J. at 258. As we have explained, that is not the case here.

Defendant's reliance on the Court's decision in <u>Rue</u> is similarly misplaced. In <u>Rue</u>, the Court remanded for a rehearing on the defendant's claim PCR counsel was ineffective because counsel had "abandon[ed] any notion of partisan representation by countering every one of [the defendant's] claims and characterizing the entire [PCR] petition as meritless." 175 N.J. at 19. Again, there are no similar facts extant here. To the contrary, the record establishes PCR counsel expressly proffered defendant's pro se arguments to the court as required under <u>Rule</u> 3:22-6(d) and counsel neither countered defendant's claims nor suggested they lacked merit. We therefore discern no basis under the holdings in <u>Webster</u> or <u>Rue</u> to remand defendant's claim PCR counsel failed to adequately present defendant's arguments before the PCR court. <u>Cf. State v. Vanness</u>, 474 N.J. Super. 609, 626-27 (App. Div. 2023) (explaining "[t]he

remedy for counsel's failure to meet the requirements imposed by <u>Rule</u> 3:22-6(d) is a new PCR proceeding").

We also reject defendant's argument PCR counsel was ineffective by relying on his and defendant's written submissions at the hearing before the PCR court. As the Court explained in <u>Rue</u>, counsel is not ineffective by failing to offer oral argument in addition to those arguments set forth in a party's brief to the court because, "as in any case in which a brief is filed, counsel may choose to stand on it at the hearing and is not required to further engage in expository argument." 175 N.J. at 19.

Based on the record presented, we are unable to determine the merits of defendant's final claim—that PCR counsel was ineffective by failing to investigate the audibility of the recordings and present evidence during the PCR proceeding that trial counsel's failure to investigate the audibility of the recordings constituted deficient performance under <u>Strickland</u>'s first prong and prejudiced defendant at trial under <u>Strickland</u>'s second prong. The claim requires consideration of facts outside the record presented to the PCR court and is supported solely by the arguments of defendant's present PCR counsel. <u>See</u> <u>Vanness</u>, 474 N.J. Super. at 627 (noting "resolution of claims against PCR counsel generally involves matters outside the record" and, "under most

19

circumstances, they are better suited for a PCR petition"). As a result, we cannot correctly consider or decide the claim's merits and leave defendant to file a separate petition in accordance with Rule 3:22-12(a)(2)(C) claiming ineffective assistance of the counsel that represented him "on the first . . . application for" PCR. Ibid.; see also State v. Armour, 446 N.J. Super. 295, 317 (App. Div. 2016).

To the extent we have not addressed any of defendant's remaining arguments, we have concluded they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1838-21